**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AMADO BAILON-MARTINEZ, | No. 14-73579 |
| Petitioner, | Agency No. A205-710-718 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 22, 2018**

Before:    SILVERMAN, GRABER, and GOULD, Circuit Judges.

Amado Bailon-Martinez, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum, voluntary

departure, withholding of removal, relief under the Convention Against Torture

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"), and cancellation of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny in part and dismiss in part the petition for review.

We lack jurisdiction to consider Bailon-Martinez' claim for asylum and voluntary departure because he failed to raise these issues to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004). We also lack jurisdiction to consider any claim for adjustment of status because he did not raise this to the agency. *See id.*

As to withholding of removal, substantial evidence supports the agency's determination that Bailon-Martinez' general fear of violence in Mexico and his fear based on the attack on his uncle did not state a claim for relief. *See INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992) (an applicant "must provide *some* evidence of [motive], direct or circumstantial") (emphasis in original); *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground").

Substantial evidence also supports the BIA's denial of CAT relief because Bailon-Martinez failed to establish it is more likely than not he will be tortured by or with the consent or acquiescence of the government of Mexico. *See Delgado-*

*Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (generalized evidence of violence and crime was insufficient to establish CAT eligibility).

Finally, we lack jurisdiction to review the agency's discretionary hardship determination. *See Vilchiz-Soto v. Holder*, 688 F.3d 642, 644 (9th Cir. 2012) (absent a colorable legal or constitutional claim, the court lacks jurisdiction to review the agency's discretionary hardship determination).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**